IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS ORLANDO TATE, #180664, )<br>a/k/a/ MARCUS ORLANDO TAITE, )<br>a/k/a/ DR. ELIJAH J. MUHAMMED, II, )<br>a/k/a/ DRELIJAH JOSHUA MUHAMMAD) <br>  ) <br> Petitioner,  ) <br>  ) <br> v.  ) <br>  ) <br>  ) <br> JUDGE CHARLES PRICE, et al.,  ) <br>  ) <br> Respondents.  ) | CIVIL ACTION NO. 2:09-CV-221-TMH<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is before the court on a pleading filed by Marcus Orlando Tate ["Tate"], a state inmate presently confined at the Fountain Correctional Facility. Tate styles this pleading as a petition for writ of mandamus.[1] In conjunction with this petition, Tate filed an application for leave to proceed *in forma pauperis*.

In this petition, Tate challenges the issuance of an arrest warrant lodged against him by officials at the Montgomery County Detention Facility for promoting prison contraband. Tate also challenges the validity of the indictment subsequently issued for that offense. Tate

---

[1] Although the writ mandamus was abolished by Rule 81(b), *Federal Rules of Civil Procedure*, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Actions in the nature of mandamus are allowed by 28 U.S.C. § 1361, which states that: "The district courts shall have original jurisdiction of any civil action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

also complains the state court denied him a preliminary hearing and failed to appoint counsel to represent him in the pending state court proceeding. Tate seeks mandamus relief in the form of issuance of arrest warrants and indictments against jail and state court officials for kidnapping, illegal arrest, unlawful imprisonment, illegal indictment and illegal warrant. *Petition for Writ of Mandamus - Court Doc. No. 1* at 7. Those aspects of the mandamus petition which sound in the nature of requests for habeas corpus relief are not subject to the three-strikes provision of 28 U.S.C. § 1915(g) as set forth in the Prison Litigation Reform Act ["PLRA"]. *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997); *Dade v. Hoke*, 2004 WL 2937408 at *1 (N.D. Tex. 2004); *Jon v. Hamlin*, 2004 WL 1373157 at *1 (N.D. Tex. 2004). However, the court must still determine whether the claims for mandamus relief sounding in habeas are subject to *sua sponte* dismissal as frivolous or for failing to state a claim on which relief may be granted.

In addition, Tate presents claims challenging the constitutionality of his arrest for promoting prison contraband. *Id*. at 2-4. These claims are civil in nature and governed by the provisions of the PLRA which prevent Tate from proceeding *in forma pauperis* on these claims due to his violation of the three-strikes provision of 28 U.S.C. § 1915(g). *In re Jacobs*, 213 F.3d 289, 290-291 (5th Cir. 2000); *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997); *In re Smith*, 114 f.3d 1247, 1250 (D.C. Cir. 1997) ("[I]t would defeat the purpose of the PLRA if a prisoner could evade its requirements simply by dressing up an ordinary civil action as a petition for mandamus ...."); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir.

1996) ("Allowing prisoners to continue filing actions as they had before enactment of the [PLRA], merely by framing pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'"); *In re Nagy*, 89 F.3d 115, 117 (2nd Cir. 1996) ("[I]f a prisoner, contemplating the filing of a complaint ... under 42 U.S.C. § 1983, decided to avoid liability for filing fees and instead sought comparable relief by applying for a writ of mandamus ... the PLRA provisions should normally apply.").

Upon review of the petition for writ of mandamus, the court concludes that it is without authority to grant the requested mandamus relief. Moreover, the civil claims raised herein regarding the constitutionality of Tate's arrest are due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(g).

## II. DISCUSSION

### A. Petition for Mandamus - Request for Relief from State Officials

Tate requests issuance of an order requiring state officials to issue arrest warrants and indictments against jail and state court personnel for alleged deficiencies in proceedings related to the charge lodged against him for promoting prison contraband. The All Writs Act provides "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act's statutory language, "in aid of their respective jurisdictions, does not empower a district court to create jurisdiction where

3

none exists. *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 211 (E.D.N.Y. 1998). "To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Id.* While the law is well settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, 28 U.S.C. § 1361, federal courts are without jurisdiction to issue writs compelling action by state courts and officials in the performance of their duties where mandamus is the only relief sought. *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997); *Noe v. Metropolitan Atlanta Rapid Transit Authority*, 485 F.Supp. 501, 504 (N.D. Ga. 1980), *aff'd*, 644 F.2d 434 (11th Cir.), *reh'g denied*, 650 F.2d 284, *cert. denied*, 454 U.S. 1126, 102 S.Ct. 977 (1981); *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (federal courts lack original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Accordingly, this court has no mandamus jurisdiction over the state courts of Montgomery County, Alabama, the judges employed by such courts or state employees and, therefore, lacks authority to compel the action Tate requests. In light of the foregoing, the court concludes that this case with respect to Tate's request for relief from state officials is due to be dismissed for lack of jurisdiction.

### B.  Request for Federal Prosecution

To the extent Tate seeks a writ of mandamus directed to federal authorities requiring prosecution of the named respondents for alleged violations of the petitioner's constitutional rights under 18 U.S.C. § 241 and § 242, such claims are likewise subject to summary dismissal. "Title 18 U.S.C. § 241 is a statute that criminalizes conspiracies against a person's rights under the Constitution or laws of the United States.  There is no private right of action under this criminal statute.  *Risley v. Hawk*, 918 F.Supp. 18, 21 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. 1997); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D. N.Y. 1985).... Title 18 U.S.C. § 242 makes it a crime to willfully deprive persons under color of law of their rights under the Constitution or laws of the United States.  The statute does not create a private cause of action. *Powers v. Karen*, 768 F.Supp. 46, 51 (E.D.N.Y. 1991), *aff'd*, 963 F.2d 1552 (2nd Cir. 1992); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D.N.Y. 1985)."  *Gipson v. Callahan*, 18 F.Supp.2d 662, 668 (W.D.Tex 1997).  "[A]s criminal statutes, [these code sections] do not convey a private right of action" nor do they authorize an individual to initiate criminal proceedings. *Rockefeller v. United States Court of Appeals Office for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C 2003).  Thus, Tate is precluded from obtaining mandamus relief with respect to those claims arising under 18 U.S.C. § 241 and § 242 as federal officials owe no duty to him under these code sections and this court therefore has no authority to compel any action by federal officials in accordance with such statutes.

### C.  Constitutional Challenges to Arrest

Tate presents a myriad of challenges to the constitutionality of his arrest for promoting prison contraband.  When he filed this case, Tate also filed a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a).  *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*.  However, under the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

The records of the federal courts of this state establish that Tate, while incarcerated or detained, has on at least three occasions had 42 U.S.C. § 1983 cases dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit.  The referenced cases are: (1) *Taite v. Haley, et al.*, Case No. 2:02-CV-34-MHT-CSC (M.D. Ala. 2002), (2) *Tate, et al., v. Keahey, et al.*, Case No. 1:02-CV-734-BH-S (S.D. Ala. 2003), and (3) *Tate v. Lawson*,

---

[2] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

Case No. 2:06-CV-1779-RBP (N.D. Ala. 2006).[3]  In addition to the aforementioned civil actions, Tate filed *Drelijah Joshua Muhammad, II v. McIntyre, III, et al.*, Case No. 1:06-CV-228-BH-C (S.D. Ala. 2006), which the United States District Court for the Southern District of Alabama "dismissed for lack of subject matter jurisdiction due to plaintiff filing the § 1983 action while he was a prisoner, paying the filing fee, and suing non-state actors, which therefor placed his action beyond the purview of 28 U.S. C. §§ 1915 and § 1915A.  And his complaint was found to be without legal merit.  By all reasoning, the preceding action meets the criteria ... for a frivolous action - that a frivolous action is one that is 'based on [an] indisputably meritless legal theory' or 'lacks an arguable basis in law.'" *Tate v. Bass, et al.*, Civil Action No. 1:07-305-KD-C (S.D. Ala. 2007) (citations omitted) - *Report and Recommendation of the Magistrate Judge* (dismissing case pursuant to 28 U.S.C. § 1915(g)) -- *Court Doc. No. 5* at 2, adopted as opinion of the court by order of June 22, 2007 - *Court Doc. No. 10*.  This court therefore concludes that the summary dismissals of these four cases render Tate in violation of the directives of 28 U.S.C. § 1915(g).

Tate alleges that while incarcerated at the Montgomery County Detention Facility in April of 2008 jail officials arrested him for promoting prison contraband.  The allegations presented in this civil action fail to demonstrate that Tate was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*,

---

[3]The requisite dismissals are indicated on the docket sheets maintained by each respective court in the referenced cases.

185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Based on the foregoing, the court concludes that Tate's motion for leave to proceed *in forma pauperis* is due to be denied and his claims regarding an illegal arrest dismissed without prejudice as Tate failed to pay the requisite filing fee upon his initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

### III. CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Marcus Orlando Tate (Court Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that:

1. To the extent Tate seeks mandamus relief, the petition for writ of mandamus be DISMISSED for lack of jurisdiction.

2. This case, with respect to the claims challenging the constitutionality of Tate's arrest, be dismissed without prejudice for his failure to pay the requisite filing fee upon the initiation of this case as required by the directives of 28 U.S.C. § 1915(g).

It is further

ORDERED that on or before April 7, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of March, 2009.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE